**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **WILFIDO DARINEL BAMACA GARCIA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-02326** |
| | § | |
| **KRISTI LYNN NOEM, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Wilfido Darinel Bamaca Garcia's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment and Response to the Petition for Writ of Habeas Corpus (ECF No. 6). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.    BACKGROUND

Respondents did not dispute the following facts. Petitioner is a non-citizen from Guatemala who entered the United States without inspection in 2005. ECF No. 1 at 7. In 2024, he was issued a Notice to Appear (NTA) charging him with being "an alien present in the United States who has not been admitted or paroled" and therefore inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(6)(A)(i)), and he was taken into immigration custody. *Id.* Immigration authorities then released Petitioner on his own recognizance. *Id.* Petitioner has a pending U visa case, which is derivative of his wife's application. *Id.* at 7-8. He also has a U.S. citizen child, who he supports. *Id.* at 8.

1 / 3

There is no indication in the record that Petitioner has failed to comply with any condition of his release. Nonetheless, Respondents re-detained Petitioner on January 10th at following a traffic stop. ECF No. 6 at 2-3. He remains in custody. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## II.    ANALYSIS

Petitioner argues that his re-detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address the additional reasons that Petitioner believes his continued detention is unlawful.

The Court recently addressed a highly similar set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result in this case. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

## III.    RELIEF

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community or has violated the conditions of his release. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before April 2, 2026,** informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 17, 2026.**

Signed at Houston, Texas on March 30, 2026.

Keith P. Ellison
United States District Judge